**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Chambers of
**Jessica S. Allen**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973) 645-2580

September 11, 2026

**LETTER ORDER**

**TO: ALL COUNSEL OF RECORD BY ECF**

**Re: Perez, Jr., et al. v. Borough of Carlstadt, et al.**
**Civil Action No. 25-14777 (SDW) (JSA)**

Dear Counsel:

Before the Court is Plaintiffs'[1] motion for leave to file an amended complaint. (*See* ECF Nos. 42, 46). Defendants[2] oppose the motion. (*See* ECF No. 45). No oral argument was heard. *See* Fed. R. Civ. P. 78(b). Having considered the parties' written submissions, for the reasons set forth below and for good cause shown, Plaintiffs' motion to amend is **GRANTED**.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[3]

This civil rights action arises out of an alleged discriminatory campaign by the Borough of Carlstadt and its officials to prevent Plaintiffs from reopening "Shakers," an adult entertainment venue that had operated in the Borough from 1988 until its temporary COVID-19-related closure in 2020. Plaintiffs allege that after Alfredo Perez, Jr.—who is of Puerto Rican descent—acquired the establishment, Defendants subjected Plaintiffs to administrative resistance not faced by the prior owners, who were not of Puerto Rican descent. Specifically, Plaintiffs allege that Defendants repeatedly denied Plaintiffs' liquor license renewals, zoning certificates, and building permits. Plaintiffs contend Defendants' alleged obstruction constitutes unlawful racial discrimination and illegal retaliation against their protected speech and expressive activities.

Plaintiffs filed their Complaint on August 20, 2025, asserting claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985, the New Jersey Civil Rights Act, and the New Jersey Law Against

[1] Alfredo Perez, Jr.; ALP Properties, LLC; and Origin Entertainment, LLC (herein, "Plaintiffs").

[2] The Borough of Carlstadt; Robert J. Zimmerman, Carlstadt's Mayor; Frank Recananti, Carlstadt's Construction Code Official; and six of the Borough's council members: Diane Debiase; Joseph T. Emerson; Suzanne M. Fonseca; James A. Lenoy; William J. Roseman; and David Stolz (herein, collectively, "Defendants").

[3] The background is drawn from the Complaint, (ECF No. 1), and is limited to what is relevant to resolve the present motion.

Discrimination. (*See* ECF No. 1). Defendants filed an Answer on November 18, 2025. (*See* ECF No. 22). On January 12, 2026, the Court entered a Pretrial Scheduling Order establishing a June 22, 2026, deadline for any motions to amend pleadings or join parties. (*See* ECF No. 27, ¶ 19). Defendants subsequently filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on March 27, 2026, which Plaintiffs opposed on April 20, 2026. (*See* ECF Nos. 30, 34). While the parties proceeded with initial fact discovery and several depositions, the Court entered an order on May 26, 2026, staying discovery pending the disposition of Defendants' Rule 12(c) motion. (*See* ECF No. 40). In accordance with the Court's Scheduling Order, Plaintiffs filed the instant motion to amend on June 22, 2026. (*See* ECF No. 42).

## II. <u>THE CURRENT MOTION</u>

Plaintiffs request leave to file an amended complaint (at times, "FAC"), which adds no new causes of action or parties. Rather, Plaintiffs seek to add twenty-four (24) paragraphs of factual allegations to support their current claims. (*See* ECF No. 42-1 at 3; *see also* ECF No. 42-2, Ex. A). According to Plaintiffs, the May 2026 depositions of former Borough officials Claire Foy, Thomas Berta, and John Cleary collectively revealed additional facts that Plaintiffs contend support their theory that Defendants improperly acted to block Plaintiffs from reopening Shakers. These additional allegations include that there was allegedly a deliberate desire to delay and refusal to act on Plaintiffs' application; that Plaintiffs' application was treated differently based on an "unwritten, preferential restriction tied to the prior owners' identity"; and that the Mayor and Council pre-determined their denial in a closed session. (*See* ECF No. 42-1 at 8-10). Plaintiffs contend that their motion is timely under the Scheduling Order and satisfies the Rule 15 amendment standard because there is no undue delay or prejudice and the proposed amendment is not futile. (*See id.* at 8-11).

In opposition, Defendants argue that Plaintiffs seek leave to amend solely to "avert imminent defeat" by virtue of Defendants' pending Rule 12(c) motion. (*See* ECF No. 45 at 1). Consequently, Defendants urge the Court to adopt a heightened standard applied in *Carey v. Beans*, 500 F. Supp. 580, 582 (E.D. Pa. 1980) and *Phillips v. Borough of Keyport*, 179 F.R.D. 140 (D.N.J. 1998), which requires a plaintiff facing dismissal to demonstrate both "substantial merit" and "substantial and convincing evidence" before obtaining leave to amend. (ECF No. 45 at 3). Defendants contend Plaintiffs cannot meet this standard because the proposed amendment is futile. (*Id.* at 4). In support, Defendants reiterate the merits-based arguments from their motion for judgment on the pleadings, asserting that the Mayor and Council are entitled to quasi-judicial immunity, and that Plaintiffs' remaining claims—including due process, equal protection, tortious interference, *Monell*, and state law claims—all fail as a matter of law. (*See generally id.* at 5-14).

On reply, Plaintiffs counter that the heightened *Carey*/*Phillips* standard does not apply here because it is strictly triggered when a party seeks leave to amend after a summary judgment motion has been filed. (*See* ECF No. 46 at 3). Instead, Plaintiffs contend that the FAC seeks to introduce newly uncovered factual allegations and is not futile. Finally, Plaintiffs emphasize that Defendants fail to challenge the amendment on any recognized Rule 15 grounds other than futility.[4]

---

[4] Defendants do not address any of the remaining Rule 15 factors— that is, delay, prejudice, bad faith, and failure to cure deficiencies through previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1964). Even if they had,

## III. <u>DISCUSSION</u>

### A. Legal Standard

Under Federal Rule of Civil Procedure 15(a), "a complaint may be amended once as a matter of right and afterward by leave of the court," *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984), or with the opposing party's written consent, Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This mandate encompasses a broad range of equitable factors, including whether there is (1) undue delay; (2) bad faith, (3) prejudice, (4) failure to cure deficiencies through previous amendments; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1964); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006). "[P]rejudice to the non-moving party is the touchstone for" denying leave to amend. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citation omitted). Ultimately, the decision to grant or deny leave rests in the sound discretion of the Court. *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 331 (1971).

As noted, the parties dispute whether the heightened standard discussed in *Carey* and subsequently in *Phillips* applies to Plaintiffs' motion to amend. The Court concludes it does not.

In *Carey*, the Court held that "where plaintiff files a motion to amend after defendant has moved for *summary judgment* the motion to amend will not be granted unless the party seeking amendment can show not only that the proposed amendment has substantial merit, but also come forward with substantial and convincing evidence supporting the newly asserted claim." 500 F. Supp. at 582 (internal citations and quotations omitted) (emphasis added). Thereafter, the *Carey* standard was applied in *Phillips*, which also involved a post-summary judgment request to amend. *See* 179 F.R.D. at 142, 145-46. As Plaintiffs here note, the rationale for this stricter standard is that amendments at an advanced stage of litigation raise the specter of prejudice and undue delay, justifying a more stringent standard. *See Carey*, 500 F. Supp. at 582. Notably, the Third Circuit Court of Appeals has not adopted this standard. Further, a review of the judicial landscape reveals that courts within this District generally only apply such a heightened requirement post-filing of summary judgment motions. *See, e.g.*, *Janicki v. Washington Twp.*, 2024 WL 4249482, at *5 (D.N.J. Sept. 19, 2024); *King v. Verizon NJ, Inc.*, 2024 WL 3964252, at *3 n.1 (D.N.J. Aug. 27, 2024); *Pelaez v. Pearson Educ., Inc.*, 2019 WL 2403088, at *2 (D.N.J. June 7, 2019).

Here, the Court will not apply the *Carey*/*Phillips* heightened standard to Plaintiffs' motion to amend for several reasons. First, Plaintiffs have moved to amend when discovery is still open and prior to the filing of summary judgment motions. Defendants do not cite any authority from this District applying the *Carey/Phillips* standard to a motion to amend made in response to a motion for judgment on the pleadings filed early in the case. Second, Plaintiffs represent they have filed their motion to amend by the Scheduling Order deadline and based on testimony from

---

as Plaintiffs point out, none of these additional considerations weigh against leave to amend. First, there is no undue delay, as Plaintiffs have filed their motion by the deadline in the Court's Scheduling Order and less than one month after the depositions giving rise to the allegations added in the FAC. Second, the Court discerns no bad faith or prejudice from the amendment. Defendants are free to challenge the merits of the FAC with a dispositive motion, and discovery is currently stayed. Third, no prior requests to amend have been made.

three former Borough officials, not in response to Defendants' Rule 12(c) motion. Third, Defendants' assertion that Plaintiffs face "imminent" defeat is based on Defendants' perceived strength of their Rule 12(c) motion. However, Plaintiffs have opposed Defendants' Rule 12(c) motion, and this Court has not addressed the merits of Plaintiffs' claims in any way. Finally, applying a heightened standard here would warrant adopting this heightened standard any time a plaintiff seeks leave to amend in response to a dispositive motion. That is not the law. As the Third Circuit has explained, Rule 15 is "routinely" invoked in response to a motion to dismiss. *See Schomburg v. Dow Jones & Co., Inc.*, 504 Fed. Appx. 100, 104 (3d Cir. 2012) ("Nor was denial of leave to amend warranted merely because [plaintiff] sought to take a contrary position ... to avoid dismissal. Plaintiffs routinely amend complaints in order to correct factual inadequacies in response to a motion to dismiss." (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1474 (3d ed. 2008) ("Perhaps the most common use of Rule 15(a) is by a party seeking to amend in order to cure a defective pleading."))) (internal quotes omitted). Accordingly, based on the above, the Court finds it appropriate to apply the traditional Rule 15 standard to Plaintiffs' motion to amend rather than Defendants' proposed heightened standard.

**B. Futility**

Defendants contend that Plaintiffs' amendment is futile because they do not sufficiently plead their claims and/or that Plaintiffs' claims are subject to dismissal for various reasons already argued in Defendants' motion for judgment on the pleadings. (*See generally* ECF No. 45 at 8-14). The Court disagrees that Plaintiffs' amendment, which is limited to adding allegations to existing claims, is clearly futile consistent with the governing standards.

"The trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Massarsky v. General Motors Corp*., 706 F.2d 111, 125 (3d Cir. 1983), *cert. denied*, 464 U.S. 937 (1983). However, the Rule 15 futility analysis does not contemplate substantive motion practice on the merits:

> If a proposed amendment is not clearly futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990).

Thus, "while Rule 15 futility tracks Rule 12(b)(6), it does not contemplate full-blown motion practice on the merits of the claims." *Rx Re Leaf, LLC v. Relief TMS, LLC*, 2024 WL 4894768, at *5 (D.N.J. Nov. 26, 2024).[5] As a result, "where . . . arguments in opposition to a motion to amend overlap significantly with arguments [typical of] a motion to dismiss, '[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to

[5] While Defendants have made a Rule 12(c) motion and not a Rule 12(b)(6) motion, the "standard for deciding a Rule 12(c) motion for judgment on the pleadings is identical to that under Rule 12(b)(6)." *Cabrera v. Nazor*, 2025 WL 3251548, at *4 (D.N.J. Nov. 21, 2025) (citing *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)).

engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss.'" *Id*. (quoting *Chubb INA Holdings, Inc. v. Chang*, 2016 WL 6841075, at *6 (D.N.J. Nov. 21, 2016)); *see also Mutasa v. U.S. Citizenship and Immigration Servs.*, 2022 WL 294755, at *3 (D.N.J. Feb. 1, 2022) (same) *Casciano v. City of Paterson*, 2021 WL 2434020, at *3 (D.N.J. June 15, 2021) ("The Rule 15 standard is less demanding than Rule 12(b)(6), since it does not require substantive motion practice on the merits of the claims. Applying that standard to the proposed amended pleading, it is clear that the motion to amend should be granted, and that the viability of any such claims may be examined pursuant to the standards of Federal Rule Civil Procedure 12(b)(6)."); *High 5 Games, LLC v. Marks*, 2017 WL 349375, at *5 (D.N.J. Jan. 24, 2017) (Rule 15 futility should not "usurp[] dispositive motion practice and amount[] to making embedded factual findings and dispositive decisions in the non-dispositive amendment context"). At the same time, "[to] allow a meritless claim to proceed to the motion to dismiss and motion for summary judgment stages is an abdication of judicial responsibility that serves neither justice nor efficiency." *Fishbein Family Partnership v. PPG Indus., Inc.*, 871 F. Supp. 764, 769 (D.N.J. 1994).

Thus, taken together, in order for an amendment to be declared futile, the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ." *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013); *see also Meenaxi Enterprise, Inc. v. Singh Trading Co.*, 2025 WL 1189878, at *4 (D.N.J. Apr. 22, 2025) (same); *In re L'Oreal Wrinkle Cream Marketing Practices Ltg.*, 2015 WL 5770202, at *5 (D.N.J. Sept. 30, 2015) (same). Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted).

Plaintiffs' proposed amendment seeks to add two dozen paragraphs of additional allegations that apply to their ten (10) claims. (*See* ECF No. 42-2, Ex A). In opposition to the motion, Defendants do not generally focus on the specific additional allegations, but rather, essentially reargue the substance of their motion for judgment on the pleadings directed to the claims already in the case, at times directly seeking to incorporate their Rule 12(c) briefing by reference. (*See, e.g.*, ECF No. 45 at 5, 11). This Court, however, is concerned only with whether Plaintiffs' proposed <u>amendment</u> is "clearly futile" for Rule 15 purposes. *See Marlowe Patent Holdings*, 293 F.R.D. at 695; *Mutasa*, 2022 WL 294755, at *3. Notably, here, Plaintiffs' proposed amendment is limited to adding further *allegations*, not claims. And some courts have held that amendments seeking only to add new allegations to pre-existing and not-yet dismissed claims are generally not futile. *See, e.g., Prairie Band Potawatomi Nation v. Morse*, 2025 WL 823346, at *4 (D. Kan. Mar. 14, 2025) ("The Court agrees that adding allegations to support an existing claim or existing request for relief would rarely render a claim or request for relief futile. This is because a futility analysis considers the proposed amendments, not claims already in the case.") (internal quotes and cites omitted) (citing cases).

Nevertheless, even assuming the Court should consider the futility of the actual claims in the FAC, this is not a circumstance where the claims in the FAC are patently futile on their face. As such, the proper course is to grant the motion to amend and allow the viability of any such claims to be examined pursuant to a dispositive motion. *See, e.g., Mutasa*, 2022 WL 294755, at

*3. To hold otherwise would result in making an embedded dispositive decision in the context of a non-dispositive motion. *See High 5 Games*, 2017 WL 349375, at *5. Thus, as other courts in this district have concluded, this Court finds that the parties' merits arguments "are better suited for consideration in the context of" a motion to dismiss or for judgment on the pleadings. *See Rx Re Leaf,* 2024 WL 4894768, at *5. For that reason, Plaintiffs' amendment is not futile for purposes of Rule 15.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs' motion to amend, (ECF No. 42), is **GRANTED**. Within **five (5)** days of the date of this Order, Plaintiffs shall file the FAC in the form attached as ECF No. 42-2, Ex. B.

The Clerk of the Court is requested to terminate ECF No. 42.

**SO ORDERED**.

**s/Jessica S. Allen**
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc: Hon. Susan D. Wigenton, U.S.D.J.